# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR LAMONT BROWN, ) | NO. 1:03-CV-06609 AWI |
| ) | |
| Petitioner, ) | ORDER DISMISSING ACTION FOR |
| ) | PETITIONER'S FAILURE TO INFORM THE |
| v. ) | COURT OF HIS ADDRESS |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus. On September 11, 2009, the court issued an order reassigning the case to Chief Judge Anthony W. Ishii. A copy of this order was served on Petitioner by mail. On September 21, 2009, the mail was returned to the Court stamped "Undeliverable".

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court advised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a Petitioner in propria persona by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

///

///

1      In the instant case, over sixty-three days have passed since Petitioner's mail was returned,
2 and Petitioner has not notified the Court of a current address.
3      In determining whether to dismiss an action for failure to follow the local rules and/or
4 lack of prosecution, the Court must consider several factors: (1) the public's interest in
5 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
6 prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits;
7 and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th
8 Cir. 2002); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). "These factors are 'not
9 a series of conditions precedent before the judge can do anything,' but a 'way for a district judge
10 to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460
11 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051,
12 1057 (9th Cir. 1998)).
13      The court finds that dismissal for Petitioner's failure update the court with Petitioner's
14 address is appropriate in this action. "The public's interest in expeditious resolution of litigation
15 always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d
16 983, 990 (9th Cir. 1999). This action has been pending for over five (5) years. The Court cannot
17 hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of Plaintiff's
18 address. Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in
19 and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991.
20 However, delay inherently increases the risk that witnesses' memories will fade and evidence
21 will become stale. Pagtalunan, 291 F.3d at 642. As such, the third factor, risk of prejudice to
22 also weighs in favor of dismissal because a presumption of injury can arise from the occurrence
23 of unreasonable delay in prosecuting an action. The fourth factor -- public policy favoring
24 disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
25 discussed herein. Finally, given the Court's inability to communicate with Petitioner based on
26 Petitioner's failure to keep the Court advised of her current address, no lesser sanction is feasible.
27 ///
28 ///

1  Accordingly, the court ORDERS that this action be dismissed for Petitioner's failure to
2  apprise the court of his address, in violation of the Local Rules, and failure to prosecute.

4  IT IS SO ORDERED.

Dated:    July 21, 2010                                                       
                                                      CHIEF UNITED STATES DISTRICT JUDGE