1

2

3

4

5

6

7          **IN THE UNITED STATES DISTRICT COURT FOR THE**

8              **EASTERN DISTRICT OF CALIFORNIA**

9

10    VICTOR LAMONT BROWN,                    )        1:03-cv-06609-AWI
                                              )        (1:98-cr-05294-AWI)
11                      Petitioner,           )
                                              )        ORDER GRANTING MOTION
12           v.                               )        FOR EXTENSION OF TIME
                                              )        AND DENYING MOTION FOR
13    UNITED STATES OF AMERICA,               )        RETURN OF PROPERTY
                                              )
14                      Respondent.           )        (Doc. 281, 282)
                                              )
15    _____       )

16

17    The Court refers the parties to previous orders for a complete chronology of the proceedings.  On

18    November 9, 2000, Petitioner was found guilty by a jury on three counts of conspiracy to distribute,

19    and possess with intent to distribute, cocaine under 21 U.S.C. §§ 846 and 841(a)(1), possession of

20    cocaine with intent to distribute under 21 U.S.C. § 841(a)(1) and criminal forfeiture of $1,090,968.00

21    under 21 U.S.C. § 853.  On January 22, 2001, Petitioner was sentenced to life imprisonment on the

22    first two counts to be served concurrently for a total term of life, followed by a 120-month term of

23    supervised release.  On November 14, 2003, following an unsuccessful appeal,[1] Petitioner filed a

24    motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective

25    assistance of trial and appellate counsel.  On April 19, 2012, the Court denied Petitioner's section

26    _____

27        [1] *See U.S. v. Brown,* 40 Fed.Appx. 471 (9th Cir. 2002) (unpublished) (affirming sentence);
      *Brown v. U.S.,* 537 U.S. 1037, 123 S.Ct. 571, 154 L.Ed.2d 457 (2002) (denying certiorari); *Brown*
28    *v. U.S.,* 537 U.S. 1150, 123 S.Ct. 959, 154 L.Ed.2d 859 (2003) (denying rehearing).

1  2255 motion.  On May 21, 2012, Petitioner moved for reconsideration of the Court's April 19, 2012

2  order.  The Court denied Petitioner's motion for reconsideration on July 11, 2012.

3      On August 6, 2012, Petitioner filed a motion for an extension of time to file a certificate of

4  appealability, presumably for the purpose of appealing the Court's denial of his section 2255 motion

5  to the United States Court of Appeals for the Ninth Circuit.  On October 22, 2012, Petitioner filed

6  a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g).[2]

7      Having reviewed the pleadings of record and all competent and admissible evidence

8  submitted, the Court first finds good cause to extend the time in which Petitioner may file a motion

9  for a certificate of appealability.  Accordingly, Petitioner's motion for an extension of time to file

10  a certificate of appealability is GRANTED.  Petitioner shall have through 4:00 p.m. on Thursday,

11  January 31, 2013 to file his motion for a certificate of appealability with the Court.

12      Having reviewed the pleadings of record and all competent and admissible evidence

13  submitted, the Court further finds no basis for return of the property identified by Petitioner.  "A

14  motion to return seized property under Fed.R.Crim.P. 41(g), is a motion in equity, in which courts

15  will determine all the equitable considerations in order to make a fair and just decision.  When an

16  owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for

17  return of property as a civil action in equity."  *U.S. v. Howell,* 425 F.3d 971, 974 (11th Cir. 2005).

18  With certain exceptions not applicable here, "every civil action commenced against the United States

19  shall be barred unless the complaint is filed within six years after the right of action first accrues."

20  28 U.S.C. § 2401(a).  The right of action for return of non-forfeited property accrues as soon as

21  criminal proceedings have closed.  *See U.S. v. Sims,* 376 F.3d 705, 708 (7th Cir. 2004) ("[O]nce the

22  criminal proceedings or the civil forfeiture proceedings have concluded without the property having

23

24      [2] Rule 41(g) provides in full: "A person aggrieved by an unlawful search and seizure of
property or by the deprivation of property may move for the property's return.  The motion must be

25  filed in the district where the property was seized.  The court must receive evidence on any factual
issue necessary to decide the motion.  If it grants the motion, the court must return the property to

26  the movant, but may impose reasonable conditions to protect access to the property and its use in

27  later proceedings."  Fed. R. Crim. P. 41(g).

28                                    2

1    been forfeited . . . , the claimant knows that he has a present right to its return, and he shouldn't be

2    permitted to postpone his request for its return indefinitely").  In this case, Petitioner's criminal

3    proceedings concluded in 2002.  Therefore, to comply with the six-year statute of limitations in

4    section 2401, Petitioner was required file his Rule 41(g) motion no later than 2008.  That was not

5    done here.  Accordingly, Petitioner's Rule 41(g) motion is DENIED.

6

7

8    IT IS SO ORDERED.

9

     Dated:    October 26, 2012

10                                                        CHIEF UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                3