FILED APR 26 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

VICTOR LAMONT BROWN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

1:98-cr-05294-AWI
1:03-cv-06609-AWI

ORDER STRIKING MOTION TO AMEND FILED APRIL 19, 2013, DOCUMENT # 291

    On April 19, 2013, Petitioner Victor Lamont Brown ("Petitioner") filed a motion to amend his habeas corpus petition. However, it has been brought to the Court's attention that at least some portions of this motion were signed by the person who delivered the motion to the Intake Window for the United States District Court for the Eastern District of California and not by Petitioner.

    Specifically, Operations Specialist S. Sant Agata was working at the Intake Window on April 19, 2013. See Exhibit A. A woman came to the Intake Window and handed Operations Specialist S. Sant Agata several motions for filing, including the motion to amend, Document #291. See Exhibit A. Operations Specialist S. Sant Agata reviewed the documents given to her as is the Clerk of the Court's custom and policy. See Exhibit A. Operations Specialist S. Sant Agata realized that at least some portions of the motion to amend had not been signed in all places by Petitioner or an attorney acting on his behalf. See Exhibit A. When Operations Specialist S. Sant Agata informed the woman that Petitioner's signature was missing, the woman

signed the motion to amend, Document #291, with the signature "Victor Lamont Brown", even though it was clear she was not Petitioner. See Exhibit A.

Rule 11(a) of the Federal Rules of Civil Procedure provides that every pleading, written motion, or other paper must be signed by the attorney of record or by the party if that party is unrepresented. Rule 11(a) requires the Court to strike unsigned documents. In addition, Local Rule 131(b) provides as follows:

> **(b) Signatures Generally.** All pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona. Affidavits and certifications shall be signed by the person executing the document. The name of the person signing the document shall be typed or printed underneath the signature. See Fed. R. Civ. P. 11. . . .

In this action, the evidence before the court reveals that Petitioner did not sign at least some portions of the motion to amend, Document # 291. As such, the Court will strike this document. Given Petitioner's pro se status and the fact a third party made the false signature, no other sanctions will be imposed at this time.

Accordingly, the Court ORDERS that:

1. Petitioner's motion to amend, filed on April 19, 2013, Document #291 is hereby STRICKEN.

April 2 6, 2013

District Court Judge Anthony W. Ishii

# EXHIBIT A

## Declaration Concerning Documents Filed On Behalf of Victor Lamont Brown In Case Numbers 1:98-CR-95 AWI and 1:03-CV-06609 AWI

To:   District Court Judge Anthony W. Ishii, District Court Judge Lawrence J. O'Neill, and all Judges of the United States District Court for the Eastern District of California:

1. My name is S. Sant Agata, and I am currently employed as an Operations Specialist by the Clerk of the Court for the United States District Court for the Eastern District of California, Fresno Division.

2. I was working at the Intake Desk on April 19, 2013.

3. On April 19, 2013, a woman came to the Intake Desk to hand deliver two motions to be filed in a criminal case, Case # 1:98-CR-5294 AWI and a related civil habeas corpus petition, Case #: 1 03-CV-06609 AWI. The first hand delivered motion requests that the Court issue a Certificate of Appealability regarding the Court's denial of Mr. Victor Lamont Brown's habeas corpus petition. (Doc. #290). The second hand delivered motion is a motion to amend the habeas corpus petition. (Doc. #291).

4. As is the Clerk of the Court for the Eastern District of California's custom and policy, I reviewed the documents given to me on April 19, 2013.

5. Upon review of these documents, I realized that the motion to amend (Doc. #291) had not been signed by Mr. Brown or any attorney acting on his behalf. I informed the woman that the motion had not been signed by Mr. Brown.

6. Upon hearing this, the woman signed Document #291, signing it as Victor Lamont Brown, even though it was clear she was not Mr. Brown.

7. I accepted Document #291, as is the custom and policy of the Clerk of the Court for the Eastern District of California. I then immediately notified the Chambers of District Court Judge Anthony W. Ishii, speaking with J. Randall. I also immediately notified my Supervisor, S. Robles. I explained what had happened to both J. Randall and S. Robles. I next ensured that a notation of what had occurred was placed as an entry in the official docket. I then awaited any further instructions from Judge Ishii's Chambers and the Clerk of the Court.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

_4-26-13_
Date

_S. Sant Agata_
Printed Name

_[signature]_
Signature