IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR LAMONT BROWN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:98-CR-05294-AWI<br>(1:03-CV-06609-AWI)<br><br>ORDER GRANTING MOTIONS TO AMEND AND CORRECT PAPERS<br><br>ORDER GRANTING CERTIFICATE OF APPEALABILITY<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION<br><br>(Docs. 289, 290, 293, 294, 295, 296 ) |

The Court refers the parties to previous orders for a complete chronology of the proceedings. On November 9, 2000, Petitioner was found guilty by a jury on three counts of conspiracy to distribute, and possess with intent to distribute, cocaine under 21 U.S.C. §§ 846 and 841(a)(1), possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1) and criminal forfeiture of $1,090,968.00 under 21 U.S.C. § 853. On January 22, 2001, Petitioner was sentenced to life imprisonment on the first two counts to be served concurrently for a total term of life, followed by a 120-month term of supervised release. On November 14, 2003, following

an unsuccessful appeal,[1] Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of trial and appellate counsel. On April 19, 2012, the Court denied Petitioner's section 2255 motion. On May 21, 2012, Petitioner moved for reconsideration of the Court's April 19, 2012 order. The Court denied Petitioner's motion for reconsideration on July 11, 2012.

On August 6, 2012, Petitioner filed a motion for an extension of time to file a motion for a certificate of appealability, presumably for the purpose of appealing the Court's denial of his section 2255 motion to the United States Court of Appeals for the Ninth Circuit. On October 22, 2012, Petitioner filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). In an order issued October 26, 2012, the Court granted Petitioner's motion for extension of time to file a motion for a certificate of appealability but denied his motion for return of property.

On November 13, 2012, Petitioner filed a notice of appeal from the portion of the Court's October 26, 2012 order denying his Rule 41(g) motion for return of property. The appeal was processed to the United States Court of Appeals for the Ninth Circuit on November 15, 2012. On January 14, 2013, the appellate court remanded the case to this Court for the limited purpose of issuing or declining to issue a certificate of appealability in Petitioner's appeal. On January 15, 2013, the Court declined to issue a certificate of appealability for Petitioner's Rule 41(g) motion.

On February 7, 2013, Petitioner filed a motion requesting a certificate of appealability and reconsideration of his section 2255 motion. On April 19, 2013, Petitioner filed a motion to amend the motion originally filed on February 7, 2013.[2] At least some parts of the motion were signed for Petitioner by someone other than Petitioner. On April 26, 2013, the Court struck the

---

[1] *See U.S. v. Brown,* 40 Fed.Appx. 471 (9th Cir. 2002) (unpublished) (affirming sentence); *Brown v. U.S.,* 537 U.S. 1037, 123 S.Ct. 571, 154 L.Ed.2d 457 (2002) (denying certiorari); *Brown v. U.S.,* 537 U.S. 1150, 123 S.Ct. 959, 154 L.Ed.2d 859 (2003) (denying rehearing).

[2] The April 19, 2013 motion appears to be a finished draft of the February 7, 2013 motion. The Court construes it so.

April 19 motion to amend because these signatures were not in compliance with Rule 11(a) of the Federal Rules of Civil Procedure.

On May 31, 2013, Petitioner filed a motion for reconsideration of the Court's April 26, 2013 order.[3] Also on May 31, 2013, Petitioner filed a motion to amend his April 19, 2013 motion for a certificate of appealability and reconsideration. On June 5, 2013, Petitioner filed a motion to correct errors made in his May 31, 2013 motion for reconsideration.

**Motion for Reconsideration of April 26, 2013 Order to Strike**

Petitioner asks the Court to reconsider its April 26, 2013 order striking Petitioner's motion to amend his motion for a certificate of appealability and to reconsider his section 2255 motion. Petitioner previously asked the Court to allow him to amend his motion for reconsideration of the order to strike on April 19, 2013. As mentioned above, at least some parts of the April 19, 2013 amended motion were signed for Petitioner by somebody other than Petitioner himself. Thus, the Court struck Petitioner's motion to amend because it did not comply with Rule 11(a) of the Federal Rules of Civil Procedure and Local Rule 131(b), which require that the signature of the party or the party's attorney appear on every pleading, written motion, or other document.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted.

Trina Paige signed Petitioner's April 19, 2013 motion. Petitioner contends that Paige's signature was proper because Petitioner had granted Paige power of attorney over his affairs. In

---

[3] Petitioner also filed a motion for reconsideration on June 5, 2013. The June 5, 2013 motion appears to be a finished draft of the May 31, 2013 motion.

support of this contention, Petitioner has attached a document, signed by himself, stating that Paige had his knowledge and consent to sign documents on his behalf.

> "A power of attorney is legally sufficient if all of the following requirements are satisfied:
> (a) The power of attorney contains the date of its execution.
> (b) The power of attorney is signed either (1) by the principal or (2) in the principal's name by another adult in the principal's presence and at the principal's direction.
> (c) The power of attorney is either (1) acknowledged before a notary public or (2) signed by at least two witnesses who satisfy the requirements of Section 4122."

Cal. Prob. Code § 4121 (West) (2000).

Petitioner's document stating that he granted Paige power of attorney does not meet the requirements for a valid power of attorney.  Petitioner has not stated any valid grounds that would make reconsideration appropriate here. Therefore, the Court does not find grounds to reconsider its order striking Petitioner's motion to amend his motion.  Petitioner's motion for reconsideration of that order shall be denied.

**Motion to Amend**

Petitioner further asks the Court to allow him to amend his motion for a certificate of appealability and reconsideration of his section 2255 motion.  Petitioner has submitted an amended motion pursuant to his section 2255 claims with this motion to amend.  "Whether leave to amend should be granted is generally determined by considering the following factors: '(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.'" *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (citing *United States v. Pend Oreille Pub. Util. Dist. No. 1,* 926 F.2d 1502, 1511 (9th Cir.1991) (quoting *Hurn v. Retirement Fund Trust,* 648 F.2d 1252, 1254 (9th Cir.1981)).  In regards to habeas petitions, district court have "the discretion to decide whether the motion to amend should be granted."  *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008).  The Court does not find that any of the aforementioned factors

bar granting Petitioner's motion to amend.  In addition, this new motion to amend does not present the same false signature issues that the prior April 19, 2013 motion.  Therefore, the Court grants this motion and will consider Petitioner's amended motion for a certificate of appealability and reconsideration.  See Fed. R. Civ. Pro. 15(a); see also *United States v. Duffus*, 174 F.3d 333, 336 (3rd Cir. 1999); *Wells v. Houston*, 8:09CV113, 2010 WL 963167, *2 (D. Neb. Mar. 10, 2010).

**Motion Requesting Certificate of Appealabilty and to Re-open §2255 Claim**

    **A.  "Re-opening" of §2255 Claim**

Petitioner, in a Rule 60(b) motion, requests that the Court "re-open" his section 2255 claim.  Petitioner seeks to have the Court consider a claim that was omitted from his previous habeas corpus petition.[4]  The Court construes this request as a successive habeas petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531, 125 S. Ct. 2641, 2647, 162 L. Ed. 2d 480 (2005).  A "motion that seeks to add a new ground for relief" is treated as a disguised §2255 motion. *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011) *cert. denied,* 132 S. Ct. 1609, 182 L. Ed. 2d 214 (U.S. 2012) (citing *Gonzales*, 545 U.S. at 532). In such a situation:

> " the district court lack[s] jurisdiction to consider [these] claims unless they [meet] the stringent standard for presenting a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). Section 2255(h) provides that '[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals.' Section 2244(b)(3)(A), in turn, provides that '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' *Id.* § 2244(b)(3)(A). Reading these statutes together, we have held that '[a] second or successive § 2255 petition may not be considered by the district court unless

---

[4] See Doc. 278, Order Denying Motion to Vacate, Set Aside, or Correct Sentence.  The Court noted that although only nineteen claims were asserted, they were labeled 1 through 13 and 15 through 20; a fourteenth claim was inadvertently omitted.

petitioner obtains a certificate authorizing the district court to do so.' *Alaimalo,* 645 F.3d at 1054(citing 28 U.S.C. § 2255(h))."

*Washington*, 653 F.3d at 1065.

Petitioner has not sought and the Ninth Circuit has not issued such a certificate allowing Petitioner to file another section 2255 petition. Accordingly, the Court has no jurisdiction to hear Petitioner's newly added § 2255 motion.

**B. Certificate of Appealability**

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from– [¶] . . . [¶] (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *Id*., § 2253(c)(2). "If a court denies a petitioner's [motion]," as here, "the court may only issue a certificate of appealability 'if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Melvin v. Clark,* slip copy, 2012 WL 4482038 (E.D.Cal. 2012), at *39 (citing *Miller-El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) and *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). While Petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 337-38. [5]

In the present case, the Court finds that Petitioner has made the required showing in regards to the following claims:

---

[5] See also Gratzer v. Mahoney, 397 F.3d 686, 689-990 (9th Cir. 2005) (finding that in pre-AEDPA cases, court may only issue a certificate if there is a substantial showing of the denial of a federal right as set forth in Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

1. Petitioner's Claim 1 for trial counsel's failure to suppress inculpatory statements by pretrial motion or object to evidence of such statements at trial.
2. Petitioner's Claim 2 for trial counsel's failure to preserve and compel production of interviewer's rough notes.
3. Petitioner's Claim 3 for trial counsel's conflict of interest.
4. Petitioner's Claims 6 and 7 for trial counsel's failure to compel production by the government of Brady materials and failure to challenge the government's non-production of Brady materials.

Accordingly, the court hereby GRANTS a certificate of appealability for claims 1, 2, 3, 6, and 7 because it finds that reasonable jurists could disagree on the Court's resolution of these issues.

**DISPOSITION**

Accordingly, it is hereby ORDERED that:
1. Petitioner's Motions to Amend and Correct Papers are GRANTED.
2. Petitioner's Motion for Reconsideration of Motion to Strike is DENIED.
3. Petitioner's Motion to "re-open" his section 2255 claim is DENIED.
4. Petitioner is GRANTED a Certificate of Appealability for the claims 1, 2, 3, 6, and 7 discussed above.

IT IS SO ORDERED.

Dated:   July 23, 2013                                  _____
                                                                            SENIOR DISTRICT JUDGE