# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>vs.<br><br>VICTOR LAMONT BROWN,<br><br>Petitioner. | 1:98-cr-5294 AWI<br><br>MEMORANDUM OPINION AND DENYING PETITIONER'S MOTIONS FOR RELIEF PURSUANT TO F.R.C.P. 60(b) AND TO REOPEN MOTION PURSUANT TO 28 U.S.C. § 2255<br><br>Doc. #'s 318 and 319 |

Currently before the court are motions by petitioner Victor Lamont Brown ("Petitioner") to reopen his previously filed and rejected motion for habeas relief pursuant to 28 U.S.C. §2255 (hereinafter, Petitioner's "Original 2255") and for relief from final judgment, both pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner was convicted following jury trial of conspiring to traffic in cocaine, and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 853. Petitioner was sentenced on January 22, 2001, to two terms of life imprisonment to run concurrently. Petitioner timely filed an appeal which challenged, *inter alia*, the imposition of life sentences in light of the rule established in <u>Apprendi</u>, the trial court's refusal to grant a late motion for substitution of counsel, and the denial of the trial court of a motion to obtain the opinion of a fifth defendant counsel to opine on the legal merits of an "absence of intent" defense. <u>See</u> <u>United States v. Brown</u>, 40 Fed. Appx. 471 (9th Cir. 2002).

Although Petitioner's initial 2255 motion was denied for failure to provide a valid address, the denial was later vacated and Petitioner's Original 2255 was reviewed on its merits and was denied. Petitioner's Original 2255 was prepared by hired appellate counsel, filed on November 14, 2003, and set forth a total of 19 claims for relief which were numbered 1 through 13 and 15 through 20. Pertinent to Petitioner's arguments here, there was no claim numbered 14. For reasons not clear to the court, Petitioner's Original 2255 was not addressed on its merits until it was reassigned to Judge Ishii in 2009. Thereafter, there were attempts to contact Petitioner through the mail and a number of notices of change of address. Following a motion by Petitioner, the court issued an order on December 27, 2011, reversing its prior dismissal of the Original 2255. After consideration on the merits, Petitioner's Original 2255 was denied on April 20, 2012. Doc. # 278.

Following the court's dismissal of Petitioner's Original 2255, there ensued a lengthy series of motions for reconsideration, motions for relief from final judgment under Rule 60(b) and motions to reopen the Original 2255. Ultimately, the court dismissed these motions holding that the motion or motions to reopen or to be relieved from final judgement pursuant to Rule 60(b) were, in fact, second or successive motions pursuant to section 2255 and that the court lacked jurisdiction to consider such motion without direction from the appellate court. Plaintiff ultimately appealed the court's denial of his Rule 60(b) motions as second or successive 2255 motions and appealed the court's denial of Petitioner's Original 2255. That appeal was denied by the Ninth Circuit on September 23, 2015. Docket # 314. In its denial, the Ninth Circuit noted that it lacked jurisdiction to consider the appeal of the denial of the Original 2255 because notice of appeal had not been timely filed. The appellate court also held that this court did not err by determining that Petitioner's Rule 60(b) motions were, in fact, second or successive 2255 and was therefore prevented pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The motions currently before the court follow the denial of Petitioner's appeal to the Ninth Circuit.

In the motions now before the court, Petitioner seeks to reopen his Original 2255 petition or to vacate judgment under Rule 60(b) based on the contention that his appellate attorney committed what amounted to fraud on the court when he or she submitted the Original 2255 motion and, in so doing, represented to the court that he or she was an active member of the California Bar. Petitioner alleges that his appellate attorney's license to practice had been either suspended or revoked as a result of issues relating to alcohol abuse.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 60(b) preserves the district court's right to hear an independent action to set aside a judgment for fraud on the court. An independent action to set aside a judgment for fraud on the court is 'reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata.' United States v. Beggerly, 524 U.S. 38, 46, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (internal quotation marks omitted). '[A]n independent action should be available only to prevent a grave miscarriage of justice.' Id. at 47, 118 S.Ct. 1862 (holding that allegations that the prevailing parting failed during discovery in the underlying case to 'thoroughly search its records and make full disclosure to the Court' were not fraud on the court). Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir. 2003). To establish fraud on the court, a party must demonstrate by clear and convincing evidence the existence of an "unconscionable plan or scheme ... designed to improperly influence the court in its decision." England v. Doyle, 281 F.2d 304, 309 (9th Cir.1960). To show fraud on the court the movant must allege facts sufficient to prove five elements: (1) conduct by an officer of the court (2) that is directed towards the judicial machinery itself, (3) that is intentionally false, wilfully blind to the truth or is in reckless disregard for the truth, (4) that is a positive averment or concealment when one is under a duty to disclose and (5) that deceives the court. Workman v. Bell, 484 F.3d 837, 840 n. 1 (6th Cir.2007).

**ANALYSIS**

Petitioner's efforts to obtain habeas relief or to reopen a collateral attack on his sentence or conviction have relied on two features of the proceedings that he contends show reversible prejudice. The first occurred at a hearing the day before Petitioner's trial was to commence. The ostensible reason for the late substitution was a disagreement between Petitioner and his then trial counsel over strategic benefit or damage that would be done by presenting evidence attacking the intent element of the charges alleged against Petitioner. At the hearing on Petitioner's motion for a new trial, Petitioner's attorney suggested that a different attorney could be provided to explain to Petitioner what his attorney had already explained. The court declined to provide a temporary attorney for Petitioner's hearing and, after discussion with both Petitioner and his attorney, denied the motion for new attorney. From these proceedings, Petitioner has asserted two bases for relief; first that he was denied assistance of counsel at a critical point in his defense (the hearing on motion to replace counsel) and that the court erred in failing to grant the motion for new counsel because he was denied what he felt would be a strong defense lack of intent).

The second feature of the proceedings that Petitioner has pointed to in order to show prejudicial error against him is the fact that his *appellate* attorney was eventually disbarred for abuse of alcohol. In this regard, petitioner has made two contentions. First, as noted above, Petitioner contends that the fact that his appellate attorney filed pleadings on behalf of Petitioner using his or her name and bar number to believe the appellate attorney was an attorney in good standing defrauded the court. Second, Petitioner's narrative suggests that his appellate attorney's work product – the Original 2255 motion – was deficient in that it included unspecified factual errors and that it was not as concise as it might have been.

**A. Law of the Case Bars Claims of Error For Failure to Substitute Counsel**

Petitioner's first claims of error – those arising from Petitioner's last minute motion to replace his trial attorney – fail for the simple reason that the same issue was raised in Petitioner's unsuccessful direct appeal. On direct appeal the issue was framed as whether the trial court

erred by denying Petitioner's motion to replace counsel. In determining that there was no error, the appellate court addressed Petitioner's claims that he had been prejudicially denied the opportunity to present evidence to show lack of intent and that he had been denied assistance of counsel during a critical part of the proceedings (during the hearing on his motion to substitute counsel). The appellate court considered both contentions and found them unpersuasive. See Brown, 40 F.Appx at 474 - 475. The appellate court's determinations are law of the case and this court cannot reach a different conclusion absent dramatically different facts which are not presented by Petitioner.

### B. Claims for Ineffective Assistance of Appellate Counsel Fail

Plaintiff's second claim of error – that he suffered the ineffective assistance of an appellate counsel who defrauded the court – fails for lack of any showing of prejudice. It bears noting that the appellate court has held that Petitioners repeated attempts to obtain relief from judgement by means of motions pursuant to Rule 60(b) are to be generally regarded as second or successive motions pursuant to section 2255. As noted above, "fraud on the court" may serve as a basis for a district court to set aside a criminal sentence without the requirement of certification from the appellate court, but that is only the case because "fraud on the court" is one example of a fundamental error of the magnitude necessary to overcome the "second or successive bar" to motions pursuant to section 2255.

Generally, there are three approaches available to the prisoner who seeks to collaterally challenge his judgment or sentence where the prisoner has previously attempted, and been denied, habeas relief pursuant to section 2255. The first is to file a motion under the savings clause of § 2255,which allows a federal prisoner to "file a habeas corpus petition pursuant to [28 U.S.C.] § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Hernandez v. Campbell, 204 F.3d 861, 865

(9th Cir. 2000).  This court could not consider such a motion because section 2241 only confers jurisdiction on the district court in the district where the prisoner is incarcerated.  <u>Id.</u>  The second approach is to file a motion pursuant to Rule 60(b) the last approach is to file a motion for error coram nobis.  Each of these approaches (including a motion pursuant to section 2241) require that the pleader show a "fundamental miscarriage of justice."  <u>See</u> <u>McQuiggin v. Perkins</u>, 133 S.Ct. 1924, 1931-1932 (2013) (Supreme Court has applied "fundamental miscarriage of justice exception" to overcome procedural defaults such as filing deadlines in 2255 proceedings).   It is due to a lack of ability to show prejudice that Petitioner's current (or any alternative) motion for habeas relief must fail.

    First, there is no prejudice arising solely from the fact that Petitioner's "appellate attorney" was suspended or disbarred from the California Bar.  Generally there is no right to counsel in collateral proceedings.  The right to counsel "extends to the first appeal of right, and no further."  <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).  More specifically, there is no right to counsel in § 2255 proceedings.  <u>United States v. Angelone</u>, 894 F.2d 1129, 1130 (9th Cir.1990).  For purposes of pleadings pursuant to section 2255, it is customary that the pleadings are prepared by the prisoners themselves, by "jailhouse lawyers" or by anyone the prisoner can find with a modicum of writing skills.  Whether Petitioner's "appellate attorney" was a member in good standing of the California Bar or not is entirely unimportant to the court.

    Further, to the extent it is Petitioner's contention that some level of impairment in crafting Petitioner's Original 2255 should be inferred from the fact that Petitioner's appellate counsel suffered from alcoholism, no such inference is supported by inspection of the document prepared by Petitioner's appellate counsel.  At approximately 67 pages, Petitioner's Original 2255 is both exhaustive – a total of 19 issues are raised – and coherent.  Petitioner fails to allege

anything more than vague and generalized stylistic criticisms of wordiness or unspecified misrepresentations of fact.  The fact that the pleading could have been better in Petitioner's subjective judgment is not demonstrative of prejudice at all, let alone the extraordinary level of prejudice necessary to show a fundamental miscarriage of justice.  In a practical sense, at this point in Petitioner's criminal proceeding, Petitioner cannot achieve any form of relief from his conviction or sentence without pointing to evidence that could not have been known earlier that brings substantial doubt on the validity of his conviction or sentence.  Claims that a better or different presentation of facts known at the time might have produced a different outcome do not meet that standard.

THEREFORE, for the reasons discussed above, Petitioner's motions for relief pursuant to F.R.C.P. 60(b) or to reopen his Original 2255 are DENIED.

IT IS SO ORDERED.

Dated:   May 12, 2016                                  _____
                                                                    SENIOR DISTRICT JUDGE