1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>vs.<br><br>VICTOR LAMONT BROWN,<br><br>Petitioner. | **1:98-cr-5294 AWI**<br><br>**ORDER DENYIN MOTION FOR RECONSIDERATION**<br><br>**Doc. #'s 321, 322 and 323** |

On May 13, 2016, the court issued a Memorandum Opinion and Order Denying Petitioner's Motions for Relief Pursuant to F.R.C.P. 60(b) and to Reopen Motion Pursuant to 28 U.S.C. § 2255. Doc. # 320 (hereinafter, the "May 13 Order"). Currently before the court is the motion of Victor Lamont Brown ("Petitioner") to reconsider the court's May 13 Order. For the reasons that follow Petitioner's motion will be denied.

First, some clarification of the motion now before the court is in order. On June 20, 2016, Petitioner filed a handwritten version of his motion for reconsideration. Doc. # 321. On July 1, 2016, Petitioner filed a motion to amend the motion for reconsideration by filing a typed version of the same motion. Doc. # 322. That motion will be granted; thus, the substance of Petitioner's motion for reconsideration is fully set forth in Doc. # 323 (hereinafter "Petitioner's Motion"). Second, the court notes that Petitioner's Motion is, in essence, a motion for reconsideration of the denial of a motion for reconsideration. Taken as such, the court finds that

the legal standard set forth in the court's May 13 Order is again applicable to the motion currently before the court and need not be repeated here.  To the extent Petitioner may be under the impression that a different legal standard applies in this instance because his Motion is framed as being pursuant to F.R.C.P. 59(e), that impression is mistaken. The legal standard set forth in Doc. # 320 applies in for purposes of this Motion and is incorporated here by reference.

In its May 13 Order, this court noted that Petitioner's claim for violation of his Sixth Amendment right to counsel arising out of the court's denial of separate counsel during consideration of his motion for substitution of counsel was precluded by the appellate court's decision that the trial court did not abuse its discretion in denying the late motion for substitution of counsel.  Petitioner argues in his current Motion that the court erred in making that determination.  Petitioner's Motion explains how, contrary to this court's May 13 Order, the law of the case established by the appellate court's decision does not apply to bar his claim that he suffered a Sixth Amendment depravation of right to counsel as follows:

> Nonetheless, with respect to the merits, the [this] court is mistaken in concluding that Petitioner's denial of counsel claim is barred by law of the case.  To the contrary, because these two claims concerning the same October 30, 2000, substitution of counsel are factually and legally distinct, the old abuse of the writ doctrine is inapplicable. On direct appeal Petitioner raised the claim, that the district court "abused its discretion" in denying [Petitioner's] belated motion for substitution. [Citation.]  By contrast, on collateral review, Petitioner asserted that the Sixth Amendment right to counsel was violated when [Petitioner] was denied separate counsel for the substitution of counsel hearing, where he was placed in an adversarial position against an experienced opponent, his own trial attorney.  Thus, the two claims are legally distinct because one claim concerned the court's abuse of discretion, while the other concerned Petitioner's constitutional guarantee to counsel.  Accordingly, the Ninth Circuit's resolution of the former substantive claim, in no way precludes this Court's consideration of the latter.

Doc. # 323 at 13-14.

Petitioner's argument is unpersuasive for two reasons, the first and most compelling of which is that he has procedurally defaulted on his Sixth Amendment claim.  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'

[Citations] or that he is 'actually innocent.' [Citations.]" Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998). Here, Petitioner states explicitly that he raised the claim of abuse of discretion related to the denial of substitution of counsel on direct review but that he did not raise the "related" issue of denial of his Sixth Amendment Right to counsel. Petitioner offers no cause for the procedural default nor can he establish prejudice since he cannot show there exists any probability that the decision by the trial court would have been any different had he been represented by separate counsel, given the appellate court's unqualified finding of no abuse of discretion. The doctrine of procedural default is intended in part to prevent what Petitioner is trying to accomplish here – the re-argument of a decided issue based on a slightly different framing of the same facts and outcome that were addressed on direct appeal.

A second and equally compelling reason for the rejection of Petitioner's argument is that he simply did not suffer denial of assistance of counsel. The fact that Petitioner was required to state his reasons for the motion to substitute counsel outside the presence of his counsel is not an instance of being without a counsel, it is merely an opportunity for a defendant to explain his reasons for or against the motion for substitution directly to the court without the intermediation of his attorney. This procedure is a normal part of the safeguarding the defendant's right to counsel, not an abrogation of that right. The court knows of no authority that requires a separate attorney to represent a defendant's effort to change or substitute his counsel.

As the court understands Petitioner's argument with regard to his Motion, he seeks the opportunity to present his "substantive" argument that he was denied his Sixth Amendment right to counsel because he was denied the right to make that substantive argument earlier because his appellate attorney suffered from alcoholism. As the court explained in its May 13 Order, the court has reviewed his appellate attorney's submissions and finds no evidence of incapacity

reflected in them.  Also as explained in the May 13 Order, at this stage of the proceedings Petitioner can *only* be granted substantive review of his conviction or sentence by adducing evidence that was previously unavailable that he is factually innocent of the crimes of which he was convicted.  Merely pointing out that an argument could have been framed differently or hypothesizing that some other defense might have been more successful is not sufficient.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that:

    1.  Petitioner's Motion to Amend is GRANTED.

    2.  Petitioner's Motion pursuant to Rule 59(e) is hereby DENIED.

IT IS SO ORDERED.

Dated:   August 1, 2016                                    _____
                                                        SENIOR  DISTRICT  JUDGE