**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>vs.<br><br>VICTOR LAMONT BROWN,<br><br>Petitioner. | 1:98-cr-5294  AWI<br><br>**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**<br><br>Doc. # 326 |

On August 1, 2016, the court issued a memorandum opinion and order denying the motion of petitioner Victor Lamont Brown ("Petitioner") for reconsideration of a prior order denying Petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and to re-open Petitioner's motion pursuant to 28 U.S.C. § 2255 (hereinafter, the "August 1 Order"). On August 6, 2016, Petitioner filed a notice of appeal of the court's August 1 Order and requested a Certificate of Appealability ("COA"). Petitioner's appeal was processed to the Ninth Circuit Court of Appeals on August 8, 2016. On October 4, 2016, the appellate court remanded the case to this court for the limited purpose of issuing or not issuing a COA. For the reasons that follow, Petitioner's request for COA will be denied.

The issuance of a COA is governed by 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from
>
> (A) the final order in a habeas corpus proceeding in which the detention
>
> complained of arises out of process issued by a State court;  or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Id. The Supreme Court has found that the Court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court  that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, Nos. 96-99020, 96-99025, 96-99026, 2000 WL 1118937 (9th Cir. Aug. 4, 2000).

Petitioner's Rule 60(b) motion and request for reinstatement of his 2255 motion that was denied by the court's August 1 Order was based on his contention that he suffered a violation of Sixth Amendment right to counsel when he was denied assistance of a separate counsel during court proceedings on Petitioner's motion for substitution of counsel on the first day of trial.   The court denied Petitioner's Rule 60(b) motion because it determined that Petitioner had

procedurally defaulted on any claim of violation of Sixth Amendment Rights and because the court determined that the absence of Petitioner's counsel during the hearing on the motion to replace counsel was not a denial of the right to counsel within the meaning of the Sixth Amendment.

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.   Reasonable jurists would not debate that petitioner was not denied his Sixth Amendment right to counsel under the facts alleged or that Petitioner had procedurally defaulted on such claim by not having raised it on direct appeal.

Accordingly, the Court hereby ORDERS that petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:   October 11, 2016                                    _____
                                                              SENIOR  DISTRICT  JUDGE